UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT LUCIEN, SR.                      CIVIL ACTION

VERSUS                                  NO: 16-9591

DERRICK JONES, SR., ET                  SECTION: "J"(1)
AL.

## ORDER & REASONS

Before the Court is Defendants' *12(b)(1) and 12(b)(6) Motion to Dismiss* **(Rec. Doc. 6.)** Plaintiff did not file an opposition to Defendants' motion, but instead was granted leave to file an Amended Complaint. (Rec. Docs. 10, 11.) Having considered the motion and legal memorandum, the record, and the applicable law, the Court finds that Defendants' motion should be **GRANTED IN PART** and **DENIED IN PART**.

## FACTS AND PROCEDURAL BACKGROUND

On June 10, 2016, Plaintiff filed this action against Defendants alleging violations of the First, Seventh, and Fourteenth Amendment of the United States Constitution, 42 U.S.C. § 1983, several provisions of the Louisiana Civil Code, and seeking a declaratory judgment under 28 U.S.C. § 2201. (Rec. Doc. 1.) Plaintiff contends that he was the employer of the now deceased Quiana Jones. (Rec. Doc. 1 at 2.) Plaintiff argues that while Ms. Jones was employed by Plaintiff she "embezzled $200,000.00 from him personally and his companies." *Id.* Plaintiff argues that he

entered an agreement with Defendant, Derrick Jones, Sr.,[1] who allegedly agreed to repay the debt after Ms. Jones passed away. *Id.* at 3. Plaintiff argues that Derrick Jones has refused to repay the alleged debt. *Id.* Further, Plaintiff makes several averments that Defendants acted in concert to deprive Plaintiff of the money he is allegedly owed. Plaintiff even alleges that Judge Paulette Irons was improperly influenced by Defendants[2] to deprive Plaintiff of the money he is allegedly owed. *See id.* On August 17, 2016, Plaintiff amended his complaint to include claims under 42 U.S.C. § 1985(2), Louisiana Civil Code Articles 1906 and 2320, "Abuse of Rights", "Intentional Fraudulent Misrepresentation", conversion, continuing tort, and violations of the Professional Code of Conduct and Ethics Rules. (Rec. Doc. 11.)

On July 21, 2016, Defendants filed a *Motion to Dismiss for Failure to State a Claim and for Lack of Subject Matter Jurisdiction*. (Rec. Doc. 6.) In short, Defendants argue this Court lacks subject matter jurisdiction, because there is no diversity jurisdiction and Plaintiff's claims do not arise under federal law. (Rec. Doc. 6-1.) Defendants also argue that Plaintiff's Original and Amended Complaint, although referencing alleged violations of federal law, fail to state a claim upon which relief

---

[1] Derrick Jones, Sr. is the administrator of the estate of Quiana Jones.
[2] The Defendants in this lawsuit include: Derrick Jones, Sr., John M. Blanchard, personally, the Law Office of John M. Blanchard, in its official capacity, Charles R. Jones, and the Dugan Law Firm.

can be granted. *See id.* Defendants also ask this Court to award attorney's fees for Plaintiff filing this allegedly frivolous lawsuit. (Rec. Doc. 6-1 at 11-12.) Defendants' motion is now before the Court on the briefs and without oral argument

<u>**LEGAL STANDARD**</u>

I.  **Motion to Dismiss for Lack of Subject Matter Jurisdiction**

A Rule 12(b)(1) motion challenges the subject matter of a federal district court. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). In ruling on a 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001). The proponent of federal court jurisdiction—in this case, the Plaintiff—bears the burden of establishing subject matter jurisdiction. *D'Aquin v. Kramer*, No. 15-2524, 2015 WL 5682659, at *1 (E.D. La. Sept. 25, 2015) (citing *Physicians Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012)). Federal question claims can be dismissed for lack of subject matter jurisdiction only when the claim is not even "colorable," i.e., it is wholly insubstantial and frivolous

3

or is immaterial and made solely for the purposes of obtaining jurisdiction. *Bell v. Hood*, 327 U.S. 67, 682-83.

## II.   Motion to Dismiss for Failure to State a Claim

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Aschcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is plausible on its face when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009)). To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Id*. at 678 (quoting *Twombly*, 550 U.S. at 555). Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255-57.

<u>**DISCUSSION**</u>

**I.  Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction**

The Court shall first address Defendants' jurisdictional challenge. *See D'Aquin*, 2015 WL 5682659, at *2 (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.") Plaintiff has not carried its burden to distinctly and affirmatively allege the citizenship of the parties. (Rec. Doc. 1, 11); *see Hale v. M.J.J.K., LLC*, No. 12-1515, 2013 WL 6287823, at *1 (E.D. La. Dec. 4, 2013). Thus, for this Court to have jurisdiction, Plaintiff's claims must arise under federal law. *See id.* Plaintiff alleges that Defendants have violated his First, Seventh, and Fourteenth Amendment rights, and have acted in violation of 42 U.S.C. § 1983 and 42 U.S.C. § 1985. *See* Rec. Doc. 1, 11. Accordingly, such alleged violations grant this Court subject matter jurisdiction over this dispute. *See D'Aquin*, 2015 WL 5682659, at *2 (court determined that it had subject matter jurisdiction where *pro se* litigant alleged violations under 42 U.S.C. § 1983).

**II.  Defendants' Motion to Dismiss for Failure to State a Claim**

Defendants also argue that Plaintiff has not pled sufficient facts to state a claim to relief that is plausible on its face.

5

(Rec. Doc. 6-1.) Accordingly, Plaintiff's complaint must "contain sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face. *See Ashcroft*, 556 U.S. at 667. The Court shall address each of Plaintiff's claims in turn.

### 1.   First Amendment to the United States Constitution

Plaintiff claims that "he is entitled to petition this court for redress of his grievances as [he was] denied access to prosecute his claims in state court proceedings." (Rec. Doc. 1 at 5.)   Liberally construed, it appears that Plaintiff is arguing that he has been denied access to the courts in violation of the First Amendment. *Id.*

"The right of access to the courts is basic to our system of government, and it is well established . . . that it is one of the fundamental rights protected by the Constitution." *Ryland v. Shapiro*, 708 F.2d 967, 971 (5th Cir. 1983). The right of access to the courts must be "adequate, effective, and meaningful." *Id.* (quoting *Bounds v. Smith*, 430 U.S. 817, 822 (1977)). The constitutional right of access to the courts is a facilitative right "designed to ensure that a citizen has the opportunity to exercise his or her legal rights to present a cognizable claim to the appropriate court and, if that claim is meritorious, to have the court make a determination to that effect and order the appropriate relief." *Foster v. City of Lake Jackson*, 28 F.3d 425, 430 (5th Cir. 1994) (quoting *Crowder v. Sinyard*, 884 F.2d 804, 814

(5th Cir. 1989)). The right of access to the courts is implicated "where the ability to file suit was delayed, or blocked altogether." *Id.* In other words, the right of access to the courts is restricted to a facilitative right to bring a suit without official impediment. *Id.; see also Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995).

Plaintiff has failed to plead a plausible claim under the First Amendment. Plaintiff has not argued that he was denied "adequate, effective, and meaningful" access to the courts. Further, Plaintiff has not alleged that his ability to file suit was delayed or impeded. In fact, Plaintiff has been granted access to the courts through his complaint in federal court, (Rec. Doc. 1), and petition in Louisiana state court. *See Succession of Quiana Jones*, No. 2014-0642 (La. App. 4th Cir. 11/12/14); 154 So.3d 624 (noting that summary judgment was initially granted in favor of Mr. Lucien, but reversed on appeal). Accordingly, Plaintiff's First Amendment claim is dismissed.

**2.    Seventh Amendment to the United States Constitution**

The Seventh Amendment protects a litigant's right to a jury trial in certain cases. A jury trial has been demanded in this case. To the extent Plaintiff asserts a claim under the Seventh Amendment, the claim is moot. *See Duncan v. U.S. Servs. Auto. Ass'n Ins.*, No. 14-2989, 2016 WL 3952091, at *8 (E.D. La. July 22, 2016)

(finding claim moot where plaintiff alleged violation of Seventh Amendment but asked for a jury trial in complaint).

### 3.    Fourteenth Amendment to the United States Constitution

The Supreme Court has confirmed that the Fourteenth Amendment applies only to the acts of states, not to the conduct of private persons. *Rendell-Baker v. Kohn*, 457 U.S. 830 (1982). No state or federal agency or actor is a party to this action. Further, even if the appropriate persons or entities were a party to this action, Plaintiff has not alleged any conduct that may be fairly characterized as "state action." *See Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 924 (1982). Accordingly, Plaintiff's Fourteenth Amendment claim is dismissed. *See United States v. Goodwill Indus.*, No. 90-0643, 1990 WL 98868, at *1 (E.D. La. July 6, 1990) (dismissing plaintiff's Fourteenth Amendment claim where no state agency was a party to the suit and no actions could be characterized as "state actions"); *Duncan*, 2016 WL 3952091, at *6 (dismissing plaintiff's Fourteenth Amendment claim because no defendants were state or federal actors).

### 4.    42 U.S.C. § 1983

Plaintiff's Complaint states that this action is brought pursuant to, *inter alia*, 42 U.S.C. § 1983. (Rec. Doc. 1 at 2.) To state a claim under Section 1983, a plaintiff must show "(1) deprivation of a right, privilege or immunity secured by the federal laws or Constitution (2) by one acting under color of state

law." *Miss. Women's Med. Clinic v. McMillan*, 866 F.2d 788, 791
(5th Cir. 1989); *see also Barnes v. McQueen*, No. 14-2636, 2016 WL
866710, at *3 (E.D. La. Mar. 7, 2016) (quoting *Atteberry v. Nocona
Gen. Hosp.*, 430 F.3d 245, 252-53 (5th Cir. 2005)). Action taken
under color of state law for purposes of Section 1983 requires a
defendant's use of power "possessed by virtue of state law and
made possible only because the wrongdoer is clothed with the
authority of state law" and when the defendant is engaged in the
"performance of official duties." *United States v. Causey*, 185
F.3d 407, 414, 415 (5th Cir. 1999). Plaintiff must also show that
the Defendants' actions are "fairly attributable to the state."
*West v. Atkins*, 487 U.S. 42, 49 (1988).

As explained above, no state agency nor state actor is a party
to this lawsuit. Further, there are no circumstances by which
Defendants to this suit could be considered a state actor. *See
Leroy v. Blackwater, Inc.*, No. 06-4601, 2007 WL 1166053, at *2
(E.D. La April 17, 2007) (citing cases). While Plaintiff states
that Defendants operated under the color of the law, the Court
will not accept such a conclusory allegation as true. *See
Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th
Cir. 1993). Plaintiff's 42 U.S.C. § 1983 claim is dismissed. *See
id.; see also*, *Duncan*, 2016 WL 3952091, at *8 (dismissing
plaintiff's 42 U.S.C. § 1983 claim because no defendants were state
or federal actors).

9

**5.   42 U.S.C. § 1985(2)**

Plaintiff attempts to argue that that Defendants civilly conspired to deprive Plaintiff of his property in violation of 42 U.S.C. § 1985(2). (Rec. Doc. 1 at 6-7; Rec Doc. 11 at 2.)  42 U.S.C. § 1985(2) provides:

> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

Thus, Section 1985(2) prohibits two categories of conspiracies: (1) "conspiracies directed at the right of participation in federal judicial proceedings," and (2) "conspiracies to deny any citizen equal protection of the laws or to injure a citizen for his efforts to ensure the rights of others to equal protection." *Ard v. Rushing*, 597 F. App'x 213, 221 (5th Cir. 2014) (citing *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 149 (5th Cir. 2010); *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 687 (5th Cir. 2010)). There must also be some racial, or class-based, invidiously

10

discriminatory animus behind the conspirators' action. *Bryant*, 597 F.3d at 687 (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)). "Section 1985(3) prohibits private conspiracies to deprive persons of equal protection of the laws." *Duncan*, 2016 WL 3952091, at *6 (citing *Daigle v. Gulf States Utils. Co. v. Local Union No. 2286*, 794 F.2d 974, 978 (5th Cir. 1986)).

Plaintiff specifically alleges that he brings this claim under 42 U.S.C. § 1985(2). Section 1985(2) is inapplicable in this case, because Plaintiff makes no mention of any conspiracy directed at participation in federal judicial proceedings. Plaintiff also makes no mention of any conspiracy to deny any citizen equal protection under the law. Further, Plaintiff has not alleged any form of racial or discriminatory animus, which is required under Section 1985(2). *See Bryant*, 597 F.3d at 687. To the extent that Plaintiff sought to assert a claim under Section 1985(3), this claim also fails because Plaintiff has not alleged any form of racial or discriminatory animus. *See Duncan*, 2016 WL 3952091, at *7 (dismissing Section 1985 claim where plaintiff failed to allege that the defendants' actions were motivated by race). Plaintiff has no plausible claim under Section 1985; thus, Plaintiff's Section 1985 claim is dismissed. *See id.*

**6.   28 U.S.C. § 2201**

Plaintiff asks this Court to "declare judgment of the rights of the parties to this litigation." (Rec. Doc. 1 at 8). The

11

Declaratory Judgment Act, 28 U.S.C. § 2201, provides in pertinent part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

22 U.S.C. § 2201 does not create a substantive cause of action, and federal courts have broad discretion to grant or refuse declaratory judgment. *Edwards v. U.S. Bank Nat'l Assoc.*, No. 15-2535, 2016 WL 4574585, at *5 (W.D. La. June 28, 2016) (citing *Lowe v. Ingalis Shipbuilding, a Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1179 (5th Cir. 1984); *Torch, Inc. v. Leblanc*, 947 F.2d 194, 194 (5th Cir. 1991)). The Fifth Circuit has explained that, when considering a declaratory judgment action, a district court must engage in a three-step inquiry to determine whether to decide or dismiss a complaint for declaratory relief. *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).

Following *Orix*, to decide a declaratory action this Court is required to determine: (1) whether the declaratory action is justiciable; (2) whether this court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action. *Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 387 (5th Cir. 2003) (citing *Orix*, 212 F.3d at 895). For a declaratory action to be justiciable it must seek to resolve

12

an "actual controversy" rather than an abstract or hypothetical dispute. *Id*. Generally, an actual controversy exists when "a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests." *Orix*, 212 F.3d at 896. Because Plaintiff has not specified the rights or legal relations he seeks declared, the Court is uncertain whether this action is justiciable. However, assuming that the action is justiciable and that this Court has the discretion to render a declaratory judgment, the Court declines to exercise its discretion in this case.[3]

The Fifth Circuit has identified the following non-exclusive factors to consider when determining whether a Court should exercise its discretion to consider the merits of the dispute:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
> (3) whether the plaintiff engaged in forum shopping in bringing the suit;
> (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

---

[3] The Court is unable to determine what right or legal relation Plaintiff wants this Court to declare. Plaintiff merely asks this Court to declare judgment of the rights of the parties to the litigation. At least one other court faced with a similar situation has denied to render a declaration where it was unable to determine what rights the party sought declared. *See Stuke v. Leonard, Street, & Deinard*, No. 11-141, 2011 WL 2491377, at *4 (D. Minn. May 10, 2011) ("The Court cannot ascertain what rights [the plaintiff] seeks declared, and therefore the motion should be denied.") However, to ensure that this Court does not abuse its discretion in denying Plaintiff's request for declaratory judgment, the Court shall analyze the *Trejo* factors. *See Am. Bankers Life Assurance Co. of Fla. v. Overton*, 128 F. App'x 399 (5th Cir. 2005) (finding district court abused its discretion when it failed to consider the *Trejo* factors).

(5) whether the federal court is a convenient forum for the parties and witnesses;
(6) whether retaining the lawsuit would serve the purposes of judicial economy; and
(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Sherwin–Williams*, 343 F.3d at 388 (citing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994)). Both parties admit that there is a pending state court action. (Rec. Doc. 1 at 3; Rec. Doc. 6-1 at 3.)[4] Further, it appears that Plaintiff engaged in forum shopping by bringing this suit in this Court rather than in state court, because he has already been sanctioned by Judge Paulette Irons for raising several of the arguments he raised in his Original and Amended Complaint.[5] (Rec. Doc. 1 at 6; Rec. Doc. 6-1 at 8.) Further, inequities may ensue if this Court exercised its discretion. If this Court were to render a judgment in favor of either party it may result in *res judicata* or issue preclusion in the pending state court action. *See Murray Law Firm v. Phipps Anderson Deacon, LLP*, No. 16-3675, 2016 WL 3656004, at *4 (citing *Ironshore Specialty Ins. Co. v. Tractor Supply Co.*, 624 F. App'x 159, 168 (5th Cir. 2015)). Thus, even if this Court has the

---

[4] Plaintiff and Defendants make brief reference to pending state court proceedings. Specifically, Plaintiff provides that there is currently a motion for new trial pending in state court against the estate of Ms. Jones. (Rec. Doc. 1 at 3.) Defendants also make brief reference to this pending action and also state that several of Plaintiff's claims are only state law claims which have been fully litigated in state court. (Rec. Doc. 6-1 at 3.)

[5] The imposition of sanctions was put on hold by Judge Irons, provided that Plaintiff did not file additional frivolous pleadings.

authority to render a declaratory judgment it would abstain from doing so under the facts and circumstances of this case.

### 7.    Temporary Restraining Order

Plaintiff's prayer for relief asks this Court to issue a temporary restraining order enjoining Derrick Jones, Sr. from personally using and distributing "funds awarded regarding the Estates of Quiana Jones." (Rec. Doc. 1 at 8.) Rule 65 of the Federal Rules of Civil Procedure governs the requirements for issuance of a temporary restraining order. Fed. R. Civ. P. 65(b). A temporary restraining order is an extraordinary remedy. *Akrivis Labs., LLC v. U.S. Dep't of Health and Human Servs.*, No. 16-11656, 2016 WL 3476716, at *1 (E.D. La. June 27, 2016) (citing cases). The party requesting a temporary restraining must, through specific facts in an affidavit or verified complaint, clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Fed. R. Civ. P. 65(b)(1)(A). A temporary restraining order may only be granted if the movant establishes the following four factors:

> (1) A substantial likelihood of success on the merits;
> (2) A substantial threat that failure to grant the injunction will result in irreparable injury;
> (3) That the threatened injury outweighs any damage that the injunction may cause the opposing party; and
> (4) That the injunction will not disserve the public interest.

*Akrivis*, 2016 WL 3476716, at *1 (citing *Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989)).

To request a temporary restraining order pursuant to Rule 65, Plaintiff was required to submit specific facts demonstrating irreparable injury, loss, or damage through an affidavit or verified complaint. Fed. R. Civ. P. (b)(1)(A). Plaintiff has failed to do so. (Rec. Doc. 1, 11.) However, even assuming that Plaintiff's *pro se* complaint could be construed as a verified complaint, the Court finds that Plaintiff has not carried its burden of establishing the requisite elements necessary for the issuance of a temporary restraining order. *See Akrivis,* 2016 WL 3476716, at *1. While Plaintiff argues that such relief is necessary to prevent "the exhaustion of assets of the estate," Plaintiff has not pled, nor proven, that there is a substantial likelihood of success on the merits, that the threatened injury outweighs any damage that the injunction may cause the opposing party, and that the injunction will not disserve the public interest. *See id.* Further, Plaintiff has not proven that there is a substantial threat that failure to grant the injunction will result in irreparable injury, because he alleges only monetary damages. *See Johnson*, 1999 WL 299017, at *5 (finding no irreparable harm where harm was compensable in monetary damages); *Petroplex Int'l v. St. James Par.*, No. 15-140, 2016 WL 2594808, at *5 (E.D. La. May 5, 2016) (finding no irreparable harm where harm was only

16

economic in nature). Accordingly, Plaintiff's request for a
temporary restraining order is denied.

### 8. Plaintiff's Remaining Claims

Plaintiff's remaining claims all sound in state law.[6] When
federal law claims in an action based on federal question
jurisdiction are eliminated and only state law claims remain, the
federal court should not continue to exercise jurisdiction.
*Bruneau v. Deposit Ins. Corp.*, 785 F.Supp. 585, 590 (E.D. La.
1992). Federal courts may relinquish jurisdiction by either
dismissing the case without prejudice or in cases that have been
removed, by remanding the case to state court. *Id.* (citing
*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988)). This case
was filed in federal court; thus the Court cannot remand a case
that was not initially removed. Accordingly, Plaintiff's remaining
state law claims are dismissed without prejudice.[7]

## III. Defendants' Request for Attorney's Fees

Defendants ask this Court to award them attorney's fees for
Plaintiff's "frivolous" complaint. (Rec. Doc. 6-1 at 11.) In the
court's discretion, attorney's fees may be awarded for frivolous

---

[6] Defendants allege that many of these causes of action have been previously
dismissed in state court. However, Defendants have not argued that Plaintiff's
claims should be dismissed under *res judicata*.
[7] The following claims are dismissed without prejudice: Louisiana Civil Code
articles 1906, 1953, 2004, 2298, 2315, 2320, 3499, "Abuse of Process and
Professional Code of Conduct and Ethics 3.3, 7.1, and 8.4", Negligent
Misinformation, Perjury, Breach of Agreement, "Abuse of Rights", "Intentional
Fraudulent Misrepresentation", Conversion, Continuing Tort, and any other
liberally construed state law causes of action Plaintiff may have.

lawsuits under 42 U.S.C. §§ 1983 or 1985 pursuant to 42 U.S.C. § 1988. 42 U.S.C. § 1988(b). A successful civil rights defendant may recover attorney fees against the plaintiff only if the plaintiff's action was "frivolous, unreasonable, or without foundation." *See Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001). A suit is frivolous if it is "so lacking in arguable merit as to be groundless or without foundation." *Nance v. New Orleans and Baton Rouge Steamship Pilots Ass'n*, No. 03-3092, 2006 WL 2338193, at *7 (E.D. La. Aug. 8, 2006) (quoting *Plemer v. Parsons-Gilbane*, 713 F.2d 1127, 1140-41 (5th Cir. 1983)). While this standard does not require a showing of bad faith on the part of plaintiff, district courts should avoid "post hoc reasoning by concluding that because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id.* (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978)).  The factors important to frivolity determinations are whether: (1) plaintiff established a *prima facie* case, (2) the defendant offered to settle, and (3) the district court dismissed the case or held a full-blown trial. *Id.* (citing *United States v. State of Miss.*, 921 F.2d 604, 609 (5th Cir. 1991)). Defendants argue that this Court should award them attorney's fees because Judge Paulette Irons has threatened Plaintiff with sanctions for filing frivolous pleadings. (Rec. Doc. 6-1, at 11-12.) While Plaintiff's actions under federal law were ultimately unsuccessful, without further evidence from

18

Defendants as to Plaintiff's frivolity, this Court is unwilling to award Defendants their attorney's fees associated with the filing of this motion. *See Stipe v. Tregre*, No. 15-2515, 2016 WL 1722245, at \*2 (E.D. La. April 29, 2016) (declining to award attorney's fees under 42 U.S.C. § 1988 where defendants did not present sufficient evidence for such an award).

**CONCLUSION**

Accordingly,

    **IT IS HEREBY ORDERED** that Defendants' *Motion to Dismiss* **(Rec. Doc. 6.)** is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's claims under the First and Fourteenth Amendment, 42 U.S.C. § 1983, 42 U.S.C. § 1985(2) are hereby **DISMISSED WITH PREJUDICE.**

    **IT IS FURTHER ORDERED** that Plaintiff's claim under the Seventh Amendment is hereby **DISMISSED AS MOOT.**

    **IT IS FURTHER ORDERED** that Plaintiff's requests for a declaratory judgment under 28 U.S.C. § 2201 and for a temporary restraining order are hereby **DENIED.**

    **IT IS FURTHER ORDERED** that Plaintiff's remaining state law claims are hereby **DISMISSED WITHOUT PREJUDICE.**

    **IT IS FURTHER ORDERED** that Defendants' request attorney's fees is hereby **DENIED.**

New Orleans, Louisiana this 13th day of September, 2016

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE